UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LETAWNYA FILIATRAULT,<br><br>            Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY, a Delaware corporation, registered to do business in Idaho, BAYER CROPSCIENCE LP, a Delaware corporation, registered to do business in Idaho, and JOHN DOES 1-100,<br><br>            Defendants. | Case No. 4:19-cv-00302-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS (DKT. 22)** |

**INTRODUCTION**

Before the Court is a motion to dismiss filed by Defendants Monsanto Company (Monsanto) and Bayer CropScience LP (Bayer). (Dkt. 22.) The parties have filed responsive briefing and the motion is ripe for the Court's review. (Dkt. 32, 36.) The facts and legal arguments are adequately presented in the briefs and record. The motion will, therefore, be decided on the record without oral argument. For the reasons that follow, the Court will grant in part and deny in part the motion to dismiss.[1]

---

[1] All parties have consented to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 28.)

## BACKGROUND[2]

This action involves claims of gender-based employment discrimination, retaliation, and wrongful discharge, brought by Letawnya Filiatrault against Monsanto and Bayer. (Dkt. 1.) Ms. Filiatrault began working at Monsanto on September 7, 2010, as an Operator Mechanic Electrician (OME) and was later promoted to Monsanto's Heavy Equipment Group (HEG). Ms. Filiatrault alleges that, during her employment, she and other women were not given the same opportunities as men; were passed over for promotions; and that male employees in her department were inappropriately "touchy/feely" with the female employees, making working conditions very uncomfortable. (Dkt. 1 at ¶¶ 18-22.)

In April 2018, Ms. Filiatrault was appointed to the Lean Management Implementation Task Force, where she was in charge of the visual management piece of the presentation. (Dkt. 1 at ¶ 11.) On April 12, 2018, however, Ms. Filiatrault complained to human resources when her position on the task force was given away without her knowledge. (Dkt. 1 at ¶ 12.) After the April 12, 2018 meeting, Ms. Filiatrault alleges her work environment became very hostile; management discriminated against her by selecting men for promotions over her; and that she was retaliated against for complaining about the unfair treatment to herself and other women in her department. (Dkt. 1.)

---

[2] The facts stated herein are recited from the allegations in the complaint and are taken as true for purposes of this motion. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

MEMORANDUM DECISION AND ORDER - 2

On June 1, 2018, Ms. Filiatrault took medical leave after being diagnosed with cancer on the eye. Before returning to work, Ms. Filiatrault put in for a promotion and received an interview, but was told prior to interviewing that the two positions she had applied for would be given to men in the department. Ms. Filiatrault returned to work on August 2, 2018. During an August 3, 2018 phone call with her supervisor, Vance Smith, regarding the positions, Ms. Filiatrault alleges Mr. Smith made inappropriate and suggestive comments to her. (Dkt. 22, Ex. A.) Ms. Filiatrault interviewed for the positions on August 6, 2018, and was told she was not selected on August 8, 2018.

On August 15, 2018, Ms. Filiatrault met with human resources who, she alleges, gave her "bogus" feedback about the promotions. (Dkt. 22-3, Ex. B.) Ms. Filiatrault informed human resources that she knew the men selected for the positions had been predetermined. (Dkt. 22-3, Ex. B.) At the end of that meeting, Ms. Filiatrault was given a letter requiring that she submit to a mental fit for duty test which, she asserts, was based on false information and done in retaliation for her raising complaints about gender discrimination. (Dkt. 22-2, Ex. A); (Dkt. 22-3, Ex. B.) Ms. Filiatrault submitted to the test, but did not immediately provided the information to human resources. (Dkt. 22-3, Ex. B.) On November 16, 2018, Ms. Filiatrault was notified by letter that she could be placed unpaid leave if she failed to provide the test results. (Dkt. 1 at ¶ 23.) Ms. Filiatrault provided the results on December 7, 2018. (Dkt. 22-3, Ex. B.)

Shortly after being denied the promotion and in the midst of being required to submit to a fit for duty test, Ms. Filiatrault filed a complaint with the Office of Federal Contract Compliance Programs (OFCCP) (I00208996) on September 17, 2018. (Dkt. 22-

2, Ex. A.) The OFCCP notified Monsanto of the complaint on December 6, 2018. (Dkt. 22-2, Ex. A.)

On January 11, 2019, Ms. Filiatrault filed charges of discrimination against Monsanto with both the United States Equal Employment Opportunity Commission (EEOC) (38C-2018-00626) and the Idaho Human Rights Commission (IHRC) (AD-7-0119-114). (Dkt. 22-3, Ex. B.) The charges and allegations made to all three agencies are the same. The OFCCP referred the complaint before it (I00208996) to the EEOC on April 16, 2019 pursuant to the Memorandum of Understanding (MOU) between the two agencies. (Dkt. 32, Ex. 1.)

In May 2019, Ms. Filiatrault was required to meet with human resources. Because her agency complaints were still pending, Ms. Filiatrault requested to record the meeting. Defendants declined her request and called off the meeting. Shortly thereafter, Ms. Filiatrault was terminated from her employment.

On May 6, 2019, the IHRC issued to Ms. Filiatrault a notice of administrative dismissal and right to sue Monsanto. (Dkt. 22-4, Ex. C.) Ms. Filiatrault filed the complaint in this matter *pro se*, on August 2, 2019, raising claims of gender discrimination, retaliation, and hostile and abusive working environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* (counts one, two, and five); violation of the Rehabilitation Act of 1973, 29 U.S.C. Section 710, *et seq.*

(count three), and wrongful discharge under Idaho common law (count four). (Dkt. 1.)[3] Thereafter, on September 5, 2019, the EEOC issued a dismissal and notice of right to sue Monsanto. (Dkt. 32, Ex. 2.) Defendants move to dismiss the claims in this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 22.)

## STANDARD OF LAW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a challenged made under Rule 12(b)(6), a complaint must plead "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When reviewing a motion to

---

[3] The Notice to *Pro Se* Litigant was issued after Defendants filed their first motion to dismiss for insufficient service. (Dkt. 12.) Plaintiff cured the service deficiencies and that motion was withdrawn. (Dkt. 34.) Defendants then filed the motion to dismiss for failure to state a claim presently before the Court to which Plaintiff has responded. (Dkt. 22, 32, 34.)

dismiss, the Court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Where, as here, the plaintiff is proceeding *pro se*, the pleadings are construed liberally and the plaintiff is given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The *pro se* plaintiff, nonetheless, "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## ANALYSIS

### 1.     Judicial Notice of Administrative Agency Documents

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court may also take judicial notice of and examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel*, 393 F.3d at 1076; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The Court will take judicial notice of and consider the documents from the OFCCP, EEOC, and IHRC attached to the parties' briefing on the motion to dismiss. (Dkt. 22, 32, 36.) Each of those documents are referred to or incorporated by reference in

the complaint and are public records of those government agencies. The Court will not convert the motion to dismiss into a motion for summary judgment.

**2.      Motion to Dismiss**

Defendants move to dismiss all claims in the complaint. (Dkt. 22.) Ms. Filiatrault concedes to dismissal of count three, violation of the Rehabilitation Act. (Dkt. 32 at 4.) The motion will, therefore, be granted on count three. Ms. Filiatrault opposes the motion as to the Title VII claims and the claim of wrongful discharge. (Dkt. 32.) As to those claims, the Court finds as follows.

**A.      Title VII Claims**

Defendants argue Ms. Filiatrault failed to exhaust her administrative remedies by filing a timely charge with the appropriate administrative agency and receiving a right to sue notice for both Bayer and Monsanto, before pursuing her Title VII claims in court. (Dkt. 22, 36.) Ms. Filiatrault maintains she filed her agency complaints against both Defendants, received the requisite notices, and has exhausted all administrative remedies. (Dkt. 32.)

"Prior to bringing suit on Title VII claims, a plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC or the appropriate state agency." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994); 42 U.S.C. § 2000e-5(b)). This requirement affords the agency an opportunity to investigate the charge, gives "the charged party notice of the claim[,] and narrow[s] the issues for prompt adjudication and decision." *Id.*

The administrative process begins when the claimant files a charge of discrimination with the EEOC, who investigates the charge or can dismiss the charge with a notice of right to sue without investigating. 42 U.S.C. § 2000e–5(b). If the charge has no merit or is withdrawn, the EEOC may dismiss the charge and give the claimant notice of her right to sue in district court. *See id*. § 2000e–5(f). If the charge has merit, the EEOC will attempt to reach a conciliation agreement with the respondent. *Id*. If conciliation fails, the EEOC may sue on the claimant's behalf, or decline to do so and issue the notice of right to sue. *Id*.; 29 C.F.R. § 1601.28(b)(1). The claimant must file a civil action within 90 days of receipt of the right to sue letter. 42 U.S.C. § 2000e–5(f)(1).

### 1.    Bayer CropScience LP

Defendants argue Ms. Filiatrault did not file a charge or obtain a right to sue notice against Bayer and, therefore, failed to exhaust administrative remedies. (Dkt. 22.) Ms. Filiatrault maintains she named both Monsanto and Bayer in her OFCCP complaint, which was referred to the EEOC, and that she filed the same claims with the EEOC and IHRC but that those agencies used only Monsanto's name because her paychecks were from Monsanto. (Dkt. 32.) Ms. Filiatrault further argues Bayer and Monsanto are "one in the same" and both received notice of her complaints. (Dkt. 32.) The Court finds Ms. Filiatrault has failed to show she has exhausted her administrative remedies before raising claims against Bayer.

The general rule is that "Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990). Title

MEMORANDUM DECISION AND ORDER - 8

VII charges may, however, be brought against persons not named in an administrative complaint where those persons "were involved in the acts giving rise to the EEOC claims." *Id*. at 1459 (quoting *Wrighten v. Metropolitan Hosp*., 726 F.2d 1346, 1352 (9th Cir. 1984)). In addition, "where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." *Id*. (citations omitted). Here, Bayer was not named or implicated in the charges made to the agencies or in the allegations of the complaint in this case.

In her September 2018 administrative complaint filed with OFCCP, Ms. Filiatrault lists the company name as "Monsanto Company or Bayer." (Dkt. 22-2, Ex. A.) The OFCCP's April 16, 2019 letter referring the complaint to the EEOC, identifies the complaint as being against "Monsanto Company (Bayer)." (Dkt. 32, Ex. 1.) The charge of discrimination filed with the IHRC, however, names only "Monsanto Company." (Dkt. 22-3, Ex. B.) Likewise, the notices of dismissal and right to sue issued by both the EEOC and IHRC, are only as to Monsanto. (Dkt. 22-4, Ex. C) (Dkt. 32, Ex. 2.) Neither the EEOC nor IHRC have issued a notice of right to sue Bayer.

Furthermore, there are no allegations in the complaint filed with the Court that Bayer was Ms. Filiatrault's employer or indirect employer at the time of the alleged wrongdoing; knew of or was involved in the acts giving rise to the claims; or should have anticipated being named in this Title VII suit. *Anderson v. Pacific Maritime Association*, 336 F.3d 924, 930–31 (9th Cir. 2003); *Sosa*, 920 F.2d at 1458-59. In fact, the complaint states Ms. Filiatrault "was employed with The Monsanto Company" and "was hired by

MEMORANDUM DECISION AND ORDER - 9

Monsanto and was paid by Monsanto – never Bayer." (Dkt. 1 at ¶¶ 5, 26.) The allegations in the complaint include Bayer in name only, but do not implicate Bayer in the wrongful acts giving rise to the claims in any way.

Construing the pleadings liberally and drawing all inferences in her favor, the Court finds Ms. Filiatrault has failed to show she exhausted her administrative remedies or has stated a claim against Bayer. Accordingly, the motion to dismiss will be granted as to the claims against Bayer.

### 2.    **Monsanto Company**

As to Monsanto, the IHRC and the EEOC both issued notices of right to sue naming Monsanto. (Dkt. 22-4, Ex. C); (Dkt. 32, Ex. 2.) Monsanto argues Ms. Filiatrault should not be allowed to proceed with this action based on the right to sue notices, because they relate to claims that are duplicative of the charge made to the OFCCP, which, Monsanto argues, is still pending. (Dkt. 22 at 9); (Dkt. 36 at 5.) The Court disagrees with Monsanto.

On the motion to dismiss presently before the Court, Ms. Filiatrault has shown that she exhausted her administrative remedies by producing the notices of dismissal and right to sue Monsanto issued by the EEOC and IHRC for the charges of discrimination she filed with those agencies in January 2019. Ms. Filiatrault timely filed her complaint within ninety (90) days of receiving the first notice of right to sue from the IHRC. (Dkt. 22-4, Ex. C.) The EEOC issued its notice of right to sue shortly after the complaint was filed in this case. (Dkt. 32, Ex. 2.)

MEMORANDUM DECISION AND ORDER - 10

That Ms. Filiatrault filed her complaint before the EEOC issued its notice of right to sue, does not defeat administrative exhaustion. A Title VII claimant may file an action "prior to receiving her right to sue letter, provided there is no evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing." *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n. 1 (9th Cir. 1990) (citing *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984)). Indeed, a premature complaint can be cured by later receipt of the notice of right to sue. *Greene v. Simon Property Group, Inc.*, 2017 WL 3225475, at *5 (D. N.M. May 3, 2017) (citing *Griffin v. Lowe's Home Centers, Inc.*, 2009 WL 975159, at *3 (D. Kan. Apr. 9, 2009) ("Failure to obtain a right-to-sue letter prior to commencement of a suit, however, is a curable defect.")). There is no evidence here that the filing of the complaint precluded any agency from performing its administrative duties or that the defendant was prejudiced by such filing.[4]

Furthermore, nothing in the record indicates that the OFCCP complaint remains open as Monsanto argues. The complaint filed with the OFCCP was referred to the EEOC after Ms. Filiatrault filed the discrimination charges with the IHRC and the EEOC. (Dkt. 22-2, Ex. A); (Dkt. 32, Ex. 1.) The referral was pursuant to the MOU generally,

---

[4] The Court recognizes Monsanto's argument that it is prejudiced by having to defend this action while the OFCCP complaint remains pending. (Dkt. 36.) Because the record does not currently support that assertion, however, the Court finds no prejudice has been shown at this time.

MEMORANDUM DECISION AND ORDER - 11

without specifying the particular basis for the referral. (Dkt. 32, Ex. 1.) Paragraph 7(c) of

the MOU provides:

> OFCCP will refer to EEOC allegations of discrimination of an individual
> nature on a Title VII basis in dual filed complaints/charges. However, in
> appropriate cases, the OFCCP may request that it retain such allegations so
> as to avoid duplication and to ensure effective law enforcement.

76 F.R. 71029-02 at ¶ 7(c).[5] Federal regulations similarly provide that the OFCCP may

refer complaints to the EEOC for proceedings under Title VII of the Civil Rights Act of

1964, rather than processing the complaint. 41 C.F.R. § 60–1.24(a).

Under the provisions, to the extent they are applicable here, Ms. Filiatrault's

complaint is no longer pending before the OFCCP. Furthermore, there is nothing

currently in the record concerning the status or disposition of the OFCCP complaint

following the referral. If the complaint remains open, whether before the OFCCP or

EEOC, the claims in this case may be duplicative or premature. That determination may

need to be made on a later substantive motion.[6]

The cases cited by Monsanto involve circumstances of administrative exhaustion

distinct from those presented in this case; i.e., a claimant's attempt to use a second-

duplicative charge to extend the ninety (90) day filing time; EEOC's issuance of an early

right to sue notice; and failure to satisfy pre-litigation requirements for individual

---

[5]https://www.eeoc.gov/mou/eeoc-ofccp-memorandum-understanding-coordination-functions
(Nov. 16, 2011).

[6] The parties may need to inquire of the EEOC regarding the status of the OFCCP referred
complaint to clarify for the record whether that complaint has been resolved.

claimants. (Dkt. 22, 36) (citing *Hilton v. Bedford Paving, LLC*, 2011 WL 3957269, at *9 (W.D.N.Y. Sept. 7, 2011); *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F.Supp.3d 596, 610-11 (W.D. Va. 2019); *EEOC v. Bloomberg L.P.*, 967 F.Supp.2d 802, 813 (S.D.N.Y. 2013)).  Here, the present record does not indicate that the charges filed with the EEOC and IHRC are duplicative; the EEOC has not issued an early right to sue notice; and the pre-litigation requirements appear to be met.

As it currently stands, the record shows Ms. Filiatrault exhausted her administrative remedies against Monsanto. The complaint was timely filed within ninety (90) days of receiving the first notice of right to sue from the IHRC and was not inappropriately premature to the EEOC's notice of right to sue or duplicative of another charge. For these reasons, the Court finds dismissal is not warranted. The motion to dismiss will, therefore, be denied as to the Title VII claims against Monsanto.

### B.    Termination in Violation of Public Policy under Idaho Common Law

In Idaho, "[u]nless an employee is hired pursuant to a contract which specifies the duration of the employment, or limits the reasons why the employee may be discharged, the employee is 'at will.'" *Harris v. Treasure Canyon Calcuim Co.*, 132 F.Supp.3d 1228, 1238 (D. Idaho 2015) (quoting *Venable v. Internet Auto Rent & Sales, Inc.*, 329 P.3d 356, 360 (Idaho 2014)). An at-will employee may be terminated "at any time [or] for any reason without creating liability." *Edmondson v. Shearer Lumber Products*, 75 P.3d 733, 737 (Idaho 2003). Idaho has, however, long recognized "a narrow exception to the at-will employment presumption where the employer's motivation for the termination

contravenes public policy." *Id.* (quoting *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 640, 272 P.3d 1263, 1271 (Idaho 2012)).

"A termination contravenes public policy only where an employee is terminated for engaging in some protected activity, which includes (1) refusing to commit an unlawful act, (2) performing an important public obligation, or (3) exercising certain legal rights and privileges." *Id.* To bring a successful claim under the public policy exception to the at-will employment presumption, "an employee must show (1) that she was engaged in a legally protected activity; and (2) that there is a causal relationship between her engagement in the protected activity and her termination." *Id.*

Monsanto argues this claim should be dismissed because: 1) the complaint fails to allege Ms. Filiatrault was engaged in a protected activity and 2) the claim is duplicative of statutory remedies. (Dkt. 22, 36.) In response, Ms. Filiatrault points to paragraphs 9-22 of the complaint which, she argues, show she was retaliated against for demanding equal treatment for women. (Dkt. 32.)

Taking the allegations as true and construed liberally in the light most favorable to Ms. Filiatrault, the Court finds the complaint states a plausible claim of wrongful discharge. The complaint alleges Monsanto "retaliated against her for speaking up for herself and other women in her department that were being pushed around while the men (only the men) were being promoted"; and required that she take a fit for duty test "in retaliation for bringing up the unfair issues that were happening to her and the other women of the department…." (Dkt. 1 at ¶¶ 15, 20.) The Court finds these allegations plausibly state that Ms. Filiatrault was engaged in a lawfully protected activity and a

MEMORANDUM DECISION AND ORDER - 14

causal relationship between her engagement in that protected activity and her termination from employment. Accordingly, the motion to dismiss will be denied on this claim. Whether this claim is duplicative of other statutory remedies or survives a later more substantive dispositive motion, is not decided here.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss (Dkt. 22) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to Count Three against both Defendants and as to all the claims against Defendant Bayer CropScience LP. The motion is denied as to Counts One, Two, Four, and Five against Defendant Monsanto Company.

DATED: May 12, 2020

Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 15