Brent O. Roche (ISB#: 2627)
Randall C. Budge (ISB#: 1949)
RACINE OLSON, PLLP
P.O. Box 1391
Pocatello, Idaho 83204-1391
Telephone: (208) 232-6101
Fax: (208) 232-6109
brent@racineolson.com
randy@racineolson.com

Clifford A. Godiner (*Pro Hac Vice*)
THOMPSON COBURN LLP
One US Bank Plaza, 27th Floor
St. Louis, Missouri 63101
Telephone: (314) 552-6433
Fax: (314) 552-7000
cgodiner@thompsoncoburn.com

*Attorneys for Defendant Monsanto Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **LETAWNYA FILIATRAULT**,<br><br>Plaintiff,<br><br>vs.<br><br>**MONSANTO COMPANY,**<br><br>Defendant. | Case No. 4:19-cv-00302-CWD<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Monsanto Company[1] (hereinafter "Defendant" or "Monsanto"), by and through its attorneys, and for its Answer to Plaintiff's Complaint states as follows:

---

[1] On May 12, 2020, the Court dismissed former co-Defendant Bayer CropScience from this lawsuit. (Dkt. 37). Defendant Monsanto is therefore the only remaining defendant.

1. Defendant admits only so much of paragraph 1 of Plaintiff's Complaint as alleges that this action is purported to be brought under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the Americans with Disabilities Act (ADA). Defendant denies each and every remaining allegation contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant denies each and every allegation contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits only so much of paragraph 3 of Plaintiff's Complaint as alleges that this Court generally has jurisdiction over claims arising under Title VII and certain claims brought under the Rehabilitation Act. Defendant denies each and every remaining allegation contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits only so much of paragraph 4 of Plaintiff's Complaint as alleges that venue is proper in this Court. Defendant denies each and every remaining allegation contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits only so much of paragraph 5 of Plaintiff's Complaint as alleges that Plaintiff was employed by Defendant until May 2019. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. Defendant admits only so much of paragraph 6 of Plaintiff's Complaint as alleges that Defendant is a Delaware corporation doing business in the State of Idaho. The Court has dismissed Bayer CropScience from this lawsuit, and therefore no further answer to this paragraph is required.

7. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Defendant incorporates by reference its responses to paragraphs 1-7 of Plaintiff's Complaint as if fully set out herein.

9. Defendant admits only so much of paragraph 9 of Plaintiff's Complaint as alleges that Plaintiff was hired on September 7, 2010. Defendant denies each and every remaining allegation contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits only so much of paragraph 10 of Plaintiff's Complaint as alleges that Plaintiff moved into the heavy equipment group in March 2016. Defendant denies each and every remaining allegation contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits only so much of paragraph 11 of Plaintiff's Complaint as alleges that Plaintiff was a member of the Implementation Task Force in April 2018. Defendant denies each and every remaining allegation contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits only so much of paragraph 12 of Plaintiff's Complaint as alleges that Plaintiff complained to Defendant's human resources department about conduct occurring at a meeting of the task force. Defendant denies each and every remaining allegation contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore denies same.

14. Defendant admits the allegations of fact contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits only so much of paragraph 15 of Plaintiff's Complaint as alleges that Plaintiff purports to bring a claim of retaliation against Defendant. Defendant denies each and every remaining allegation contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits only so much of paragraph 17 of Plaintiff's Complaint as alleges that, on or about August 15, 2018, Plaintiff was issued a final written discipline and required to undergo a fitness for duty evaluation. Defendant denies each and every remaining allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies each and every allegation contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies each and every allegation contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore denies same.

22. Defendant denies each and every allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits only so much of paragraph 23 of Plaintiff's Complaint as alleges that Monsanto informed Plaintiff by letter on November 16, 2018 that Plaintiff would be moved to unpaid leave if she did not have her physician release her fitness for duty evaluation

results.  Defendant denies each and every remaining allegation contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore denies same.

25.     Defendant admits only so much of paragraph 25 of Plaintiff's Complaint as alleges that Plaintiff was required to attend a meeting with Human Resources in order to return to work, neither the EEOC nor the IHRC had issued a determination on Plaintiff's charge of discrimination, and Plaintiff was informed she was not allowed to record the meeting.  Defendant denies each and every remaining allegation contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant admits only so much of paragraph 26 of Plaintiff's Complaint as alleges that Plaintiff was hired and paid by Monsanto Company and that she was sent an email advising her that she had been terminated.  Defendant denies each and every remaining allegation contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore denies same.

## Count One

28.     Defendant incorporates by reference its responses to paragraphs 1-27 of Plaintiff's Complaint as if fully set out herein.

29.     Defendant denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint.

### Count Two

30. Defendant incorporates by reference its responses to paragraphs 1-29 of Plaintiff's Complaint as if fully set out herein.

31. Defendant denies each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

### Count Three

The Court has granted Defendant's Motion to Dismiss as to Count III of Plaintiff's Complaint, and therefore no answer to paragraphs 32-35 of Plaintiff's Complaint is required.

### Count Four

36. Defendant incorporates by reference its responses to paragraphs 1-35 of Plaintiff's Complaint as if fully set out herein.

37. Defendant denies each and every allegation contained in paragraph 37 of Plaintiff's Complaint.

### Count Five

38. Defendant incorporates by reference its responses to paragraphs 1-37 of Plaintiff's Complaint as if fully set out herein.

39. Defendant denies each and every allegation contained in paragraph 39 of Plaintiff's Complaint.

### Prayer for Relief

FURTHER ANSWERING, Defendant denies Plaintiff is entitled to any relief, including but not limited to such relief set out in the Prayer for Relief following paragraph 39 of Plaintiff's Complaint and any of the subparagraphs listed thereunder.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

A. The claims in Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

B. Plaintiff's claims may be, in whole or in part, barred by applicable statutes of limitation or other time limitations.

C. Plaintiff's claims may be, in whole or in part, barred due to failure to exhaust administrative remedies.

D. Plaintiff's claims may be barred or her damages limited to the extent that she has failed to mitigate her damages.

E. All actions taken with regard to Plaintiff were motivated solely by legitimate, non-discriminatory, non-retaliatory business reasons.

F. Defendant acted in good faith and without a discriminatory or retaliatory motive and had reasonable grounds to believe its actions did not violate any laws.

G. Plaintiff's Complaint fails to state a cause of action upon which punitive damages can be awarded, and any award of punitive damages would violate the Fifth Amendment of the United States Constitution.

H. Even if discrimination or retaliation played a role in Defendant's actions (which Defendant denies), Defendant would have made the same decision absent any discrimination.

I. Plaintiff's damages may be limited due to after-acquired evidence.

J. Plaintiff's claims are barred due to her failure to promptly avail herself of available internal complaint resolution procedures and because Defendant took prompt remedial actions in response to the issues that Plaintiff did raise.

K. Plaintiff's claims under Title VII and the Idaho Human Rights Act are barred to the extent they exceed the scope of the allegations contained in her Charge of Discrimination.

L. Plaintiff's claims under Title VII and the Idaho Human Rights Act are barred to the extent they are duplicative of pending charges of discrimination filed by Plaintiff against Defendant.

M. Plaintiff's claims are barred by her failure to identify any protected activity in which she engaged protected by public policy.

N. Plaintiff's claims are barred by her failure to identify a specific expression of public policy that was allegedly violated by her discharge.

Defendant reserves the right to amend this Answer and to add additional defenses as discovery and further investigation continue.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that this Court dismiss Plaintiff's Complaint, award its costs incurred in this action, and for such further relief as the Court may deem just and proper under the circumstances.

THOMPSON COBURN LLP

By: */s/ Clifford A. Godiner*
   CLIFFORD A. GODINER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of May, 2020, I filed the foregoing electronically through the CM/ECF system.  The following party was duly served by e-mail and by depositing said copy in the U.S. Mail, postage prepaid, as follows:

Letawnya Filiatrault　　　　　　　　　[ X ]　U. S. Mail Postage Prepaid
420 E. 1st St.　　　　　　　　　　　　[   ]　Hand Delivery
Grace, Idaho 83241　　　　　　　　　　[   ]　Overnight Mail
　　　　　　　　　　　　　　　　　　　[   ]　Facsimile
　　　　　　　　　　　　　　　　　　　[ X ]　Email – bnanrs@hotmail.com

　　　　　　　　　　　　　　　　　　　　　　*/s/ Clifford A. Godiner*